UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**DELTA LOGISTICS, LLC,**

*Plaintiff,*

v.

**CMC FOOD, INC.,**

*Defendant.*

Civil Action 17-12305

OPINION

**THIS MATTER** comes before the Court on Third-Party Defendant Lehigh Valley Lines, Inc.'s ("Lehigh") Motion to Vacate Default against it, ECF No. 35, and Defendant/Counterclaim Plaintiff/Third-Party Plaintiff CMC Food, Inc.'s Motion for Default Judgment ("CMC"), ECF No. 26. For the reasons stated herein, Defendant's motion is **GRANTED**.

I. **BACKGROUND**

CMC is a New Jersey corporation with its principal place of business located at 282 South Avenue, Fanwood, New Jersey. Third Party Compl. ¶ 1. CMC is in the business of wholesale egg sales and marketing of farm fresh shell eggs and egg products. Id. ¶ 3.

Underlying the instant motions is a suit brought by Plaintiff Delta Logistics, LLC ("Delta") against Defendant CMC. See Compl., ECF No. 1, Ex. B. Delta alleged that it performed transportation brokerage services at CMC's request, subject to written contracts. Id. ¶ 3. Delta alleged that CMC refused to pay for its services and sued, inter alia, for breach of contract and unjust enrichment. See id. Delta purported to have acted as a broker between CMC and various carriers, one of whom is Lehigh, and demanded the payment of broker fees allegedly owed by

CMC to Delta. Among those fees were fees related to a Lehigh shipment that is the subject of the instant motions.

CMC's Third-Party Complaint alleges that Lehigh agreed to provide freight transportation services for the transportation of organic eggs from CMC's offices in Clark, New Jersey to Schwenksville, Pennsylvania. Third-Party Complaint ("CMC Compl.") ¶ 5, ECF No. 6. On or about February 8, 2016, a truck picked up a load of organic eggs from CMC's offices in Clark, New Jersey. Id. ¶ 6. The truck thereafter transported the eggs to Schwenksville, Pennsylvania; however, upon arrival, the eggs were allegedly destroyed and rendered unmarketable. Id. ¶ 7-8.

CMC filed its Answer, Counterclaim, and Third-Party Complaint, asserting claims against Lehigh on December 22, 2017. ECF No. 6. On January 12, 2018, Lehigh was served, via hand delivery, with a copy of the Answer, Counterclaim, and Third-Party Complaint. ECF No. 9. Accordingly, Lehigh's answer or response to the Third-Party Complaint was due on February 2, 2018. Lehigh failed to appear, plead, or otherwise defend within the time allowed. Accordingly, default was entered against Lehigh. ECF No. 15. On March 27, 2018, CMC moved for default judgment against Lehigh. ECF No. 26. On May 5, 2018, Lehigh moved to vacate default. ECF No. 35. The Court will address both motions here.

## II. STANDARD OF REVIEW

Fed. R. Civ. P. 55(c) permits a District Court to set aside an entry of default for good cause. The Court must consider three factors: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct." Gold Kist, Inc. v. Laurinburg Oil Co., Inc., 756 F.2d 14, 19 (3d Cir. 1985) (citing Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984)). Courts, in some circumstances, also consider the effectiveness of alternative sanctions. See, e.g., National

Specialty Ins. Co. v. Papa, No. 11–2798, 2012 WL 868944, *2 (D.N.J. Mar.14, 2012) (citing Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 73 (3d Cir.1987)).

"A decision to set aside an entry of default pursuant to Fed. Civ. P. 55(c) is left primarily to the discretion of the District Court." Bailey v. United Airlines, 279 F.3d 194, 204 (3d Cir. 2002) (quoting Hritz, 732 at 1180). Courts generally disfavor entry of defaults. Harad v. Aetna Cas. & Sur. Co., 839 F.2d 979, 982 (3d Cir. 1988). Accordingly, "any doubt should be resolved in favor of the petition to set aside" default. Medunic v. Lederer, 533 F.2d 891, 894 (3d Cir. 1976). "[T]he standard for setting side a default is less stringent than for setting aside a default judgment." Mettle v. First Union Nat. Bank, 279 F.Supp.2d 598, 601 (D.N.J. 2003) (citing Feliciano v. Reliant Tooling Co., Ltd., 691 F.2d 653, 656 (3d Cir. 1982)).

### III. LEGAL ANALYSIS

Lehigh contends that: (1) CMC will not be prejudiced by vacating default; (2) Lehigh has a meritorious defense; and (3) the default was not the result of Lehigh's culpable conduct. Plaintiff disputes each contention. Given the disfavor for entry of defaults, the Court agrees with Defendant.

#### A. Prejudice

Lehigh argues that CMC cannot establish prejudice because this matter is still in the early stages. Lehigh points out that CMC allegedly suffered damages in 2016 and filed suit in 2017, thus weakening CMC's argument that it would be prejudiced if the Court allowed Lehigh to prepare a defense. CMC contends that, due to Lehigh's initial lack of response, it was concerned that Lehigh would neither participate nor provide discovery "which may have been of use vis Delta's purported brokerage claims regarding the shipment at issue against CMC." CMC Opp. at 6, ECF No. 36. CMC further contends that these concerns played a major role in its decision to settle with Delta.

3

The Court does not find that CMC would be prejudiced by vacating entry of default. Given the distinct nature of Delta's claims against CMC, it is unclear how any discovery provided by Lehigh would have been of use to CMC in defending against Delta's claim.

### B. Meritorious Defense

Lehigh contends that it has a facially meritorious defense against CMC's claim. The Court agrees.

A defendant has established a meritorious defense when "allegations of defendant's answer, if established on trial, would constitute a complete defense to the action." Bank v. Lake Estates Condo. Assoc., Inc., No. 11-5338, 2012 WL 1435637, at *4 (D.N.J. Apr. 25, 2012). "It is not enough for a defendant to simply allege a defense. Rather, a defendant seeking to set aside a default must 'set forth with some specificity the grounds for his defense.'" Id. (quoting Harad v. Aetna Cas. and Sur. Co., 839 F.2d 979, 982 (3d Cir.1988)). Where "at least one meritorious defense" has been specifically alleged, default judgment may be inappropriate. Feliciano v. Reliant Tooling Co., Ltd., 691 F.2d 653, 657 (3d Cir.1982); see Miles v. Aramark Correctional Service, Inc., 321 Fed.Appx. 188, 191 (3d Cir.2009) (citing one meritorious defense in support of conclusion that default judgment was not warranted).

Here, Lehigh contends that it fulfilled its duty to secure the shipment of eggs for transit and transported the eggs to Schwenksville per its contract. See Declaration of Adam Kreisher ("Kreisher Decl.") ¶¶ 4-8, ECF No. 35.2. Lehigh further contends that it did not load its truck and, therefore, is not responsible for any negligence in the loading process. Id. CMC disputes Lehigh's defenses, but it rightly notes that engaging in a "battle of the certifications" would not be appropriate or productive at this stage in the proceedings. The Court finds that Lehigh's defenses are facially meritorious. Consequently, this factor weighs in favor of vacating default.

### C. Culpable Conduct

Lehigh contends that it acted in good faith and that its delay in responding does not constitute culpable conduct. CMC argues that Lehigh's refusal to respond was willful and lacked a reasonable basis.

The culpability factor focuses on whether the defendant "acted willfully or in bad faith." Feliciano, 691 F.2d at 657. "More than mere negligence is required." Bank, 2012 WL 1435637, at *6. "Excusable neglect is found where 'a demonstration of good faith on the part of the party seeking [vacatur shows] some reasonable basis for noncompliance within the time specified.'" Julaj, 2013 WL 4731751, at *3 (quoting Jackson Hewitt, Inc. v. Semo Tax Servs., Inc., 2011 WL 6826013, at *3 (D.N.J. Dec. 28, 2011)).

Lehigh provides a certification in which it describes its purported good faith basis for failing to respond. In or about April 2016, Delta filed a claim with Lehigh's insurance company, AIG, regarding the damaged eggs. Kreisher Decl. ¶ 10. AIG denied the claim, finding that the eggs were damaged due to spoilage, which is allegedly excluded by Lehigh's insurance policy, and that the spoilage was due to driver's negligence. Id. at ¶ 11. Upon receipt of CMC's third-party complaint, Lehigh's Director of Operations, Adam Kreisher, contacted AIG regarding the new lawsuit in early to mid-April, 2018. Id. ¶ 17. On April 19, 2018, an AIG representative notified Kreisher that AIG would not defend or indemnify Lehigh because AIG rejected the claim in 2016. Id. Kreisher then spoke with the President of Lehigh regarding the retainer of legal counsel for this suit. Id. ¶ 19. Subsequently, Lehigh retained Tompkins McGuire Wachenfeld & Barry as legal counsel on May 11, 2018, and moved to vacate default on May 18, 2018. In sum, Lehigh contends that AIG's refusal to defend and indemnify constitutes a reasonable, good faith basis for failing to respond to the Third-Party Complaint. Lehigh further contends that it did not benefit in any way from the delay. This Court agrees. This factor militates in favor of vacating default.

5

### D. Alternative Sanctions

Finally, CMC contends that, should the Court determine that a lesser sanction than default is appropriate here, Lehigh should be sanctioned in the form of the fees and costs incurred by CMC in connection with its failure to respond. Lehigh argues that CMC has not made a showing of culpable conduct and that an award of fees is unwarranted. This Court agrees. CMC's request for fees is denied.

### IV. CONCLUSION

For the reasons stated above, CMC's Motion for Default Judgment, ECF No. 26, is **DENIED**, Lehigh's Motion to Vacate Default, ECF No. 35, is **GRANTED**, and CMC's request for fees and costs is **DENIED.**

**Date: October 25, 2018**

*/s Madeline Cox Arleo*_____
**Hon. Madeline Cox Arleo**
**United States District Judge**